IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| RAGHUNANDAN K. MENON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-CV-318 |
| § | |
| WAL-MART STORES TEXAS, L.P., § | |
| and WAL-MART STORES, INC., § | |
| § | |
| Defendants. § | |

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND NOTIFYING PARTIES OF CONSIDERATION OF SUA SPONTE DISMISSAL AND POSSIBLE SANCTIONS**

This action comes before the Court on removal from the 149th District Court of Brazoria County, Texas. Now before the Court is the Motion to Remand by Raghunandan K. Menon ("Plaintiff"). For the reasons stated below, Plaintiff's Motion to Remand is respectfully **DENIED.**

I.   Background

Plaintiff sued Defendants in state court for malicious prosecution, false imprisonment, defamation of character, and intentional infliction of emotional harm. Plaintiff alleges that he went into a Wal-Mart store to buy a few items. He did not get a cart, and because his hands were full, he put a can opener worth about four dollars in his pocket. He paid for the other items, but he did not pay for the can opener. On his way out of the store, the store's security personnel detained him, called the county sheriff, and asked that he be arrested. Plaintiff spent the night in jail, and the criminal charges were subsequently dismissed.

In response to special exceptions from Defendants, Plaintiff amended his Petition to state that

he demanded a maximum amount of $350,000 in damages. Defendants then removed to this Court on the basis of diversity jurisdiction, claiming that Plaintiff's amendment was their first notice that the case met the minimum jurisdictional amount. Plaintiff now moves to remand, arguing that Wal-Mart Stores Texas, L.P. is a citizen of Texas, as is Plaintiff, and therefore diversity does not exist.

II.     Legal Standard

Absent an express provision to the contrary, a defendant may remove a state-court action to federal court only if the suit could have been filed originally in federal court. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Because Plaintiff's claims arise under Texas law, diversity is the only possible basis for federal jurisdiction. The federal diversity jurisdiction statute provides the district courts with jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different states. *See* 28 U.S.C. § 1332(a). The jurisdictional statute has long been interpreted to mandate a rule of "complete diversity," meaning that the diversity statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68, 117 S. Ct. 467, 472, 136 L. Ed. 2d 437 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).

III.    Analysis

Plaintiff argues that because Wal-Mart Stores Texas, L.P. is organized under the laws of Texas, it is a citizen of Texas for purposes of diversity jurisdiction. However, the state under which the partnership is organized is not necessarily the state of which the partnership is a citizen. Corporations are citizens of the states in which they are incorporated, but that rule does not extend to partnerships and other business entities. *See* 28 U.S.C. § 1332(c); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 196-97, 110 S. Ct. 1015, 1022, 108 L. Ed. 2d 157 (1990). A partnership is a citizen of all

the states of which its partners are citizens. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569, 124 S. Ct. 1920, 1923, 158 L. Ed. 2d 866 (2004); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 856 n.3 (5th Cir. 2003).

The general partner of Wal-Mart Stores Texas, L.P. is Wal-Mart Stores East, L.P., which is located in Bentonville, Arkansas and organized under Delaware law. Wal-Mart Stores East, L.P.'s limited partner is WSE Investment, L.L.C., and its general partner was WSE Management, L.L.C. Both are Delaware companies whose sole member is Wal-Mart Stores East, Inc., which is an Arkansas company with its principal place of business in Arkansas.

Wal-Mart Stores Texas, L.P.'s limited partner is Wal-Mart Rio Investment, L.L.C., a Delaware company. Its sole member is Wal-Mart Stores East, L.P., which, as explained above, is traced to Wal-Mart Stores East, Inc., an Arkansas company.

Neither the Supreme Court nor the Fifth Circuit have established guidelines for determining the citizenship of limited liability corporations. *See Blanchard v. Wal-Mart Stores Texas, L.P.*, 368 F. Supp. 2d 621 (E.D. Tex. 2005). Whether the Court determines the citizenship of these by their state of organization or by the citizenship of their members, the limited liability companies involved in this case are not citizens of Texas. All of the partners and sub-partners of Wal-Mart Stores Texas, L.P. are citizens of either Arkansas or Delaware; therefore, Wal-Mart Stores Texas, L.P. is not a citizen of Texas. Plaintiff does not contest that Wal-Mart Stores, Inc. is a foreign corporation, and Defendants do not contest that Plaintiff is a citizen of Texas. Because Plaintiff is a citizen of Texas but no Defendant is, complete diversity exists. This Court clearly has jurisdiction in this case, and therefore Plaintiff's Motion to Remand and Motion for Sanctions are vehemently **DENIED**.

IV.     Notice of Court's Consideration of Sua Sponte Dismissal and Sanctions

Candidly, the Court cannot imagine spending precious judicial resources on this case out of

the hundreds of cases on its docket. While Plaintiff might use his explanation of events as a defense to a criminal charge, Plaintiff has absolutely no basis for a civil suit on the facts presented so far. It is ludicrous for Plaintiff to sue a company for taking vigorous action against shoplifters. Although Plaintiff states that all criminal charges against him were dismissed, he admits that he walked out of the store without paying for the can opener. A store's employee may detain a person reasonably suspected of theft for the purpose of investigating such theft. *See* Tex. Civ. Prac. & Rem. Code Ann. § 124.001 (Vernon 2005). Plaintiff must bear the consequences of his actions, no matter how inadvertent the actions or unpleasant the consequences.

This Order hereby puts the Parties on notice that the Court is considering dismissing this case sua sponte for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or entering summary judgment against Plaintiff pursuant to Fed. R. Civ. P. 56, should the Parties present evidence outside the pleadings. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (holding that a district court may dismiss an action on its own motion provided that the plaintiff has fair notice); *Millar v. Houghton*, 115 F.3d 348, 350 (5th Cir. 1997) (holding that a party must have at least ten days' notice prior to sua sponte grant of summary judgment against that party). The Parties have 20 days from the date of this Order to respond to the Court's consideration of these actions. The Court also recommends that the Parties use this 20-day period to pursue nominal settlement. If Plaintiff does not come forward with facts enormously more convincing than those presented thus far, the Court will also consider sanctions for filing a frivolous suit with no basis in law or fact. *See* Fed. R. Civ. P. 11. Again, Plaintiff has 20 days from the date of this Order to respond to the Court's consideration of such sanctions, and Defendants have 20 days to submit an itemization of their attorney's fees and costs expended thus far in the matter.

V.   Conclusion

While the Court finds that, without question, it has jurisdiction over this case, it also finds Plaintiff's suit so meritless as to approach outrageous. Plaintiff's Motion to Remand is hereby **DENIED**. Plaintiff's request for sanctions is also **DENIED**. The Parties have 20 days to respond to the Court's consideration of dismissal and sanctions, as detailed above.

**IT IS SO ORDERED**.

**DONE** this 11th day of July, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge